UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1999A13372/1999A13373 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Zenobia M. Reed aka Zenobia Bailey aka Zenobia Williams | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 4980 Opal Street, Apt. 221, Grosse Pointe, Michigan 48236.

### The Debt

#### First Cause of Action - Claim Number: 1999A13372

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,146.45 |
| B. Current Capitalized Interest Balance and Accrued Interest | $4,149.13 |
| C. Administrative Fee, Costs, Penalties | $38.87 |

| | |
|---|---:|
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1999A13372** | **$6,334.45** |

Second Cause of Action - Claim Number: 1999A13373

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,828.53 |
| B. Current Capitalized Interest Balance and Accrued Interest | $4,818.45 |
| C. Administrative Fee, Costs, Penalties | $50.94 |
| D. Attorneys fees | $0.00 |
| **Total Owed - Claim Number 1999A13373** | **$7,697.92** |
| **TOTAL OWED (Claim Numbers 1999A13372 and 1999A13373)** | **$14,032.37** |

The Certificate of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.130% per annum or $0.54 per day on Claim Number 1999A13372 and 8.000% per annum or $0.62 per day on Claim Number 1999A13373.

**Failure to Pay**

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,


By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Zenobia M. Reed
Zenobia M. Williams
3911 Somerset
Detroit, MI 48224

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/10/98.

On or about 04/06/89, the borrower executed promissory note(s) to secure loan(s) of $1,850.00 from First America Savings dba MAHELP - Longmont, CO at 9.13% percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 10/20/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,146.45 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/27/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,146.45 |
| Interest: | $1,424.71 |
| Administrative/Collection Costs: | $ 38.87 |
| Late fees | $ 0.00 |
| Total debt as of 09/10/98: | $3,610.03 |

Interest accrues on the principal shown here at the rate of $0.54 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/23/98        Name: Joan Dyer
                            Title    Loan Analyst
                            Branch   Litigation Branch

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

SUPPLEMENTAL LOAN FOR STUDENTS (SLS APPLICATION/PROMISSORY NOTE)

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK-PRESS FIRMLY-OR TYPE)

1. NAME (NO NICKNAMES): Last: **Williams**  First: **Zenobia**
4. PERMANENT ADDRESS: **1052 Manistique**
   CITY: **Detroit**  STATE: **MI**  ZIP: **48215**
6. U.S. CITIZENSHIP STATUS: ☒ 1 U.S. Citizen or National
7. PERMANENT RESIDENT OF WHICH STATE: **MI**
8. DRIVER LICENSE NUMBER: (none)
9. ADDRESS OF BORROWER WHILE IN SCHOOL: **same**
10. PHONE AT SCHOOL ADDRESS: **same**
12. LOAN AMOUNT REQUESTED: **$1850.00**
13. PERIOD LOAN WILL COVER: FROM **3/89** TO **9/89**
14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) LOANS? ☒ NO
18. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO

REFERENCES:
19a. NAME: **Tom O'Brien**  STREET: **52107 Beaconsfield**  CITY, STATE, ZIP: **Detroit, MI 48224**
19b. NAME: **Angela Brookess**  STREET: **15750 14th St**  CITY, STATE, ZIP: **Detroit, MI 48238**
19c. NAME: **Laverne Baily**  STREET: **12760 Flander**  CITY, STATE, ZIP: **Detroit, MI 48205**

20. DEFER PRINCIPAL PAYMENTS WHILE IN SCHOOL? ☒ YES
21. INTEREST: ☒ CAPITALIZE

22a. SIGNATURE OF BORROWER: /s/ Zenobia Williams
22b. DATE BORROWER SIGNED: **4/6/89**

**SECTION B - TO BE COMPLETED BY SCHOOL**

23. NAME OF SCHOOL: **United Schools Inc.**
25. PHONE: **(813) 784-0660**
26. SCHOOL CODE: **022952**
24. ADDRESS: **P.O. Box 6399 Clearwater, FL 34618-6399**
27. SCHOOL BRANCH: **0000**
29. PERIOD LOAN WILL COVER: **3/23/89 - 9/23/89**
30. STUDENT'S GRADE LEVEL: ☒ UNDERGRAD
31. ANTICIPATED GRADUATION DATE: **9/23/89**
32. STUDENT ENROLLMENT STATUS: ☒ 2 HALF TIME UNTIL **9/23/89**
33. STUDENT STATUS: ☒ DEPENDENT
34. COST OF ATTENDANCE FOR LOAN PERIOD: **$4475**
35. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: **$2625**
36. DIFFERENCE (ITEM 34 LESS ITEM 35) OR LEGAL MAXIMUM: **$1850**
37. SUGGESTED DISBURSEMENT DATES: 1ST DISB: **3/23/89**
38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ NO
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO

41a. SIGNATURE OF SCHOOL OFFICIAL: /s/ Nancy R. Davis
41b. DATE SIGNED: **4/14/89**
41c. PRINT NAME AND TITLE: **Nancy R. Davis, FAO**

**SECTION C - TO BE COMPLETED BY LENDER**
42. NAME OF LENDER: **First America SAVINGS dba MAHELP**
43. ADDRESS: **P.O. Box 820, Longmont, CO 80501**  (303) 678-5222
44. LENDER DOC: **336374**
48. DISBURSEMENT DATE: **5/1/89** — **$1850**
50. NUMBER OF MONTHLY INSTALLMENTS: **45**
51. DUE DATE OF FIRST PAYMENT: **10/23/89**
49. TOTAL LOAN AMOUNT APPROVED: **$1850.00**

54a. SIGNATURE OF LENDING OFFICIAL: /s/ Carla R. Elby
54b. DATE SIGNED: **4/24/89**

**SECTION D - TO BE COMPLETED BY HEAF**
55. HEAF USE ONLY
56. PROMISSORY NOTE STATUS
57. CREDIT APPROVAL INDICATOR

A253
SLS-F0053A 2-88

LENDER COPY

## SLS PROMISSORY NOTE

### A. PROMISE TO PAY

The interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan disbursed prior to July 1, 1987, the interest may be 9, 12, or 14 percent. For loans disbursed on or after July 1, 1987, the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for variable-rate PLUS and SLS loans.

2. Guarantee Fee.
HEAF may charge a fee to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and HEAF policy and Rules and Regulations. The Guarantee Fee will be deducted from my check. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me. My loan disclosure statement will show the actual guarantee fee charged.

### B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my loan ...
statement that identifies all the terms of ...

### C. GENERAL

I understand that the lender has applied Higher Education Assistance Foundation and the terms of this Promissory Note will be under the Act, and the Rules and Regulations law, this Note shall be governed by the law ...

### D. REPAYMENT

1. I understand I can either defer principal immediately. These options are described from of this application/promissory note Deferred Repayment. If I answer YES to ... reasons explained under Deferment in the the repayment period on this loan begins due within 60 days of disbursement.) However at my lender's option, and in accordance statement:
a. be paid by me in installments; or
b. accrue and be added to the principal amount quarterly, in accordance with laws and reg I will contact the lender prior to expiration of repayment. If I neglect to do so, I authorize the guidelines set forth in Paragraph 2 of the my lender must inform me of the terms in to the lender.
Immediate repayment. If I answer NO to ... interest within 60 days of disbursement.

2. I will repay this loan within 10 years of th ... generally lasts at least 5 years but no more In these rules apply:
a. The lender may require a repayment per ensure that during each year of the repayment GSLP, PLUS or SLS program loans outsta least $600 or the unpaid principal balance (
b. If I qualify for any deferment period descr grants, "forbearance", those periods will no ... honed above.

3. The particular terms and conditions of rep the loan disclosure statement that the lende

4. My obligation to repay this loan shall be p nently disabled.

### E. PREPAYMENT

At my option and without penalty, I may p principal balance of this Note in the event o unearned interest which, I have paid. The i the same method by which interest payme ...

### F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address.

2. Consequences of default—If I default on this loan:
a. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b. The lender, holder, or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c. I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins (formerly called National Direct Student Loan), Guaranteed Student Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans, or Consolidation Loans;
d. I will be ineligible for the benefits described under Repayment and Deferment in this Note; including attorney's fees, that are permitted by ... of these amounts. If this loan is referred for ... Fair Debt Collection Practices Act, I will pay unpaid principal and accrued interest. Declaring it is at the option of the lender, which it may do ... other requirements of law. Failure to exercise a lender's right to exercise the option at a later ...

will then be required to pay HEAF all amounts

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.



SIGNATURE X Carol Brown
TITLE Claim Analyst
DATE 5-25-90

F0025 10-87

me a late charge if I fail to pay all or part of a ... after it is due or if I fail to provide written em-ployment deferral as described under Deferment ents for each dollar of each late installment.

n and its repayment will be reported to one or ... on this loan, the lender, holder or guaranty reau organizations. This may significantly and ...

notify me at least 30 days in advance that infor-credit bureau organizations unless I enter into ...

a request from any credit bureau organization ... ganization about the accuracy and complete-

aws of the United States of America that the ... certify that the information contained in my correct to the best of my knowledge and belief tion under the SLS program, I authorize the ... to me and my school. I hereby authorize the say be due me up to the amount of this loan. I that I may attend, or HEAF to release to the agents, any requested information pertinent us. prior loan history, current address) I also agent, the educational institution, or HEAF to my parents (under the SLS program), or prior ct to my loan application and related docu-holder, their agent or HEAF to release infor-e listed in my loan application as references, and telephone number. I also authorize the ... to check my credit and employment histor-ence with me. I certify that the proceeds of ... for the academic period stated on my loan d on the application. I understand that I am ... which cannot reasonably be attributed to ... rdance at that institution for the loan period ...

requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a borrower eligible for participation in the PLUS or SLS program and that I do not owe a refund to any Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirement under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

SLS-A353 2-88

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Zenobia M. Reed
Zenobia M. Williams
3911 Somerset
Detroit, MI  48224

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/10/98.

On or about 04/06/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from First America Savings Bank, FSB dba MAHELP - Longmont, CO at 8% percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/31/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,828.53 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 05/07/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,828.53 |
| Interest: | $1,673.05 |
| Administrative/Collection Costs: | $    50.94 |
| Late fees | $     0.00 |
| Total debt as of 09/10/98: | $4,552.52 |

Interest accrues on the principal shown here at the rate of $0.62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/22/98          Name: Joan Dyer
                              Title    Loan Analyst
                              Branch   Litigation Branch

# HIGHER EDUCATION ASSISTANCE FOUNDATION
P.O. BOX 64107 • ST PAUL, MN 55164-0107

*After lender completes application, mail HEAF copy only to this address.*

**HEAF USE ONLY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. **NAME (NO NICKNAMES)** LAST: Williams  FIRST: Zenobia  M.I.: M
2. [SOCIAL SECURITY NUMBER]
3. [DATE OF BIRTH]
4. **PERMANENT ADDRESS**: 1052 Manistique
   CITY: Detroit  STATE: MI  ZIP: 48215
5. **PERMANENT HOME PHONE**: (313) 624-3745
6. **U.S. CITIZENSHIP STATUS**: [X] 1. U.S. CITIZEN OR NATIONAL
7. **PERMANENT RESIDENT OF WHICH STATE**: MI
8a. **DRIVER LICENSE NUMBER**: none
9. **ADDRESS OF BORROWER WHILE IN SCHOOL**: same
10. **PHONE AT SCHOOL ADDRESS**: ( ) same
11. **MAJOR COURSE OF STUDY**: 15
12. **LOAN AMOUNT REQUESTED**: $2625.00
13. **LOAN PERIOD** FROM: 3/89  TO: 9/89

**PRIOR LOAN INFORMATION:**
14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [X] NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? [X] NO

**REFERENCES:**
- 20a. NAME: Tom O'Brien  STREET: 5267 Beaconsfield  CITY/STATE/ZIP: Detroit, MI 48224
- 20b. NAME: Angela Brookess  STREET: 15760 14th St  CITY/STATE/ZIP: Detroit, MI 48238
- 20c. NAME: Laverne Baily  STREET: 12760 Flander  CITY/STATE/ZIP: Detroit, MI 48205

21a. **SIGNATURE OF BORROWER**: [signed] Zenobia M Williams
21b. **DATE**: 4/6/89

## SECTION B - TO BE COMPLETED BY SCHOOL

22. **NAME OF SCHOOL**: United Schools Inc.
23. **ADDRESS**: P.O. Box 6399 Clearwater, FL 34618-6399
24. **PHONE**: (813) 724-0600
25. **SCHOOL ID**: 022952
28. **PERIOD LOAN WILL COVER**: FROM 3/23/89 TO 9/23/89
29. **STUDENT'S GRADE LEVEL**: [X] CORRESP UNDERGRAD 1
30. **ANTICIPATED GRADUATION**: 9/23/89
31. **STUDENT STATUS**: [X] INDEPENDENT
33. **COST OF ATTENDANCE FOR LOAN PERIOD**: $4475
34. **ESTIMATED FINANCIAL AID FOR LOAN PERIOD**: $1850
35. **EXPECTED FAMILY CONTRIBUTION (EFC)**: $0
36. **DIFFERENCE**: $2625
37. **SUGGESTED DISBURSEMENT DATES** 1ST DISB: 3/23/89
38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? [X] YES
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? [X] NO

41a. **SIGNATURE OF SCHOOL OFFICIAL**: Nancy B. Davis
41b. **DATE**: 4/14/89
NAME AND TITLE: Nancy B. Davis, FAO

## SECTION C - TO BE COMPLETED BY LENDER

42. **NAME OF LENDER**: First America Savings Bank, FSB dba MAHELP
43. **ADDRESS**: P.O. Box 820, Longmont, CO 80501
44. **LENDER CODE**: 830374
46. (303) 678-5222

53a. **SIGNATURE OF LENDING OFFICIAL**: [signed]
53b. **DATE SIGNED**: 4/20/89

A304
GSL-FC304A 2-88

LENDER COPY

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of the application/promissory note) are:

**INTEREST**

1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

4) The interest rate will be determined according to the following:
a. If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s)
b. If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%.
c. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s) but I do have an outstanding balance on any Parent Loans for Students ("PLUS"), Supplemental Loans for Students ("SLS") made for enrollment prior to that date or on any Consolidation loan(s) which repaid loans made for that date the applicable interest rate on this loan will be 8%.
d. If I am borrowing for a period of enrollment which begins after outstanding balance on any GSL, PLUS, or SLS made for that date or on any Consolidation loan(s) which repaid loans ning before that date, the applicable interest rate on this loan year of my repayment status and will be 10% beginning with

5) The applicable interest rate:
a. until the end of the fourth year of my repayment status, an
b. beginning with the fifth year of my repayment status will be

6) I may also receive rebates of interest, if required by the High when the applicable interest rate is 10%.

7) The lender or other holder of this note may add accrued i balance (capitalization) of this loan in accordance with the R the Higher Education Assistance Foundation (HEAF).

I understand that if I am eligible for federal interest benefits, the (a) during the period I am in school on at least a half-time basis, in Section D below; and (c) during the time any loan payments F below.

**GUARANTEE FEE**

8) HEAF may charge a fee to guarantee my loan. The amount applicable regulations and HEAF policy and Rules and Regu deducted proportionately from each disbursement. I understa refund except for the amount attributable to any disbursement I the lender's option, be applied to my loan balance or be return ment will show the actual guarantee fee charged.

**ORIGINATION FEE**

9) The Origination Fee will be deducted from the proceeds of t federal law and will be reflected on my disclosure statement. Orig rata, on undisbursed amounts, if the loan is repaid in full within 12 check is not cashed within 120 days of disbursement, or if the check i

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan check, my lende statement that identifies all the terms of my loan.

## C. GENERAL

I understand that the lender has applied for guarantee coverage because of this, the loan is subject to, and the terms of this Prom accordance with, Title IV, Part B of the Higher Education Act of federal regulations adopted under the Act, and the Rules and Reg not governed by federal law, this Note shall be governed by the law lender is located.

## D. REPAYMENT

I will repay this loan in periodic installments during a repayment per the end of my grace period.

However, during the grace period I may request that the repayment p period begins when I cease to carry at least one-half the normal ac that is participating in the Guaranteed Student Loan Program (GSLP

1) I will repay this loan over a repayment period that generally lasts at l 10 years. However, the following exceptions to these rules apply:
a. If, during the grace period, I request a shorter repayment period shorter period. In that event, I may later choose to have the repaymen
b. The lender may require a repayment period shorter than 5 years i that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we — pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval, however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

AUG 29 89

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized for deferment described under Deferment in the HEAF application information brochure. I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1) Definition — I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that ...

...for the time identified as my loan ...
...a half-time student, (b) change my ...
...ment address.

...including interest, immediately due ...

...that I have attended (or am currently ...

...ms and any of the following federal Grant, College Work-Study, State Direct Student Loan), Guaranteed US loans, or Consolidation Loans, and Deferment in this Note, fees, that are permitted by federal ...loan is referred for collection to an ... I will pay collection costs and fee declaring these amounts immediately only after complying with appli- ...this section does not constitute a ...

...to pay HEAF all amounts owed.

...fail to pay all or part of a required ...due written evidence that writing ...amend in this Note. A late charge ...

...will be reported to one or more ...or or guaranty agency will also ...antly and adversely affect my ...must notify me at least 30 days ...if bureau organizations unless ...if I provide a timely response to ...I might raise with that organi- ...stand me.

...of America that the following ...ned in my application for this ...and is made in good faith ...jointly payable to me and my ...which may be due me up to ...that I may attend or HEAF to ...any requested information ...my current address). I also ...institution, or HEAF to make ...and lenders or holders, with ...lender, subsequent holder, ...persons I have listed in my ...dress and telephone num- ...purposes for the academic ...med on the application I ...reasonably be attributed ...tution for the loan peri d ...program and that I do not ...say for a Pell Grant that I ...estate my eligibility for a Pell Grant. I ...materials explaining the federal guaranteed student loan program ...have been provided to me and that I understand my responsibilities and my rights under that program.

---

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X _Mike Haws_
TITLE _Claims Analyst_
DATE 2-13-91

F0025 10-87

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

GSL-A304, A305, A307 2-88